1  JOHNNY L. SMALL

2  CDC# J-44318

3  P.O. BOX. 1050

4  SALINAS VALLEY STATE PRISON

5  SOLEDAD, CA. 93960-1050

6  In Pro Per

**Filed**

JUL 3 1 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

7

8                IN THE UNITED STATES DISTRICT COURT

9              FOR THE NOTHERN DISTRICT OF CALIFORNIA

10                       SAN JOSE DIVISION

11

12  JOHNNY L. SMALL        )         C07-5133 RMW (PR)
                           )
13        Petition         )         OBJECTION TO RESPONDENT'S
                           )
14                         )         ANSWER TO WRIT OF HABEAS
                           )
15  vs.                    )         CORPUS
                           )
16                         )
                           )
17  M.S. EVANS, (Warden)   )
                           )
18        Respondent____   )

19

20  To the United States District Court Judge. ~~Ronald M. Whyte~~  *Ronald M. Whyte*, for

21  the Northern District of California, San Jose Division.

22

23  Petitioner Johnny L. Small, a California prisoner, files this

24  traverse/objection to the respondent answer to petitioner writ

25  of habeas corpus.

26  1)     Petitioner objects to respondent answer that petitioner

27  is lawfully in the custody of respondent within the meaning of

28  the federal habeas corpus statute, 28 U.S.C. § 2241 (c)(3) and

    2254 (d), pursuant to a valid judgment of the Santa Clara County

                                1.

1   Superior Court, a jury having found petitioner guilty of aggrav-

2   ated sexual assault of a child under the age of 14 anf 10 years

3   younger than petitioner. (Cal. Pen. Code § 269,subd.(a)), and that

4   he committed forcible rape (Cal. Pen. Code § 261,subd.(a)(2);

5   Count 1)), and forcible oral copulation (Cal. Pen Code § 288a,

6   subd.(c)(2): Count 2); lewd and lascivious acts on a child under

7   the age of 14 (Cal. Pen. Code § 288,subd.(a)), during which peti-

8   tioner had substantial sexual contact with a minor victim, (Cal.

9   Pen. Code,§ 1203.066,subd (a)(8));--oral copulation with a minor

10  under the age of 16, (Cal. Pen. Code § 288a,subd.(b)(2)); sexual

11  penetration of a person under the age of 16 by a defendant over

12  21 (Cal. Pen. Code, § 289,subd.(i)); and a lewd and lascivious

13  act on a child under the age of 14 or 15.(Cal. Pen. Code § 288,

14  subd. (c)(1)).  Ct. 74-80.)

15      2.    Petitioner objects to the sentence imposed by the

16  court, to be served 18 years 8 months and a consecutive, indeter-

17  minate term of 60 years to life. (Ct. 383-384.)

18

19                                  I.

20     **Petitioner** Constitutional rights was violated because the

21  evidence did not support the convictions.  Petitioner due process

22  was denied when the Superior Court found there was sufficient

23  evidence to stand trial.  Although, preliminary hearing is not

24  mandatory and no constitutional right to a preliminary hearing,

25  for the sake of argument, petitioner has a constitutional right

26  to effective assistance of counsel and his failure to file for

27  dismissal by making a motion pursuant ot California Penal Code

28  § 995.  This in violation of petitioner 6th amendment right to

                                 2.

1 effective assistance of counsel.  Petitioner has argued Ineffect-

2 ive Assistance of Counsel in all respect to his appeal.  (Strick

3 -land v. Washington, 466 U.S. 668,687-688,695-696 (1984).

4                                II.

5    Petitioner objects to respondents answer asserting that the

6 State Court was not unreasonable in rejecting petitioner suffici-

7 ency of the evidence claim.  Claim II and III petitioner argued

8 that the evidence to convict was insufficient.  Petitioner was

9 charged and convicted for forcible rape and oral copulation.  The

10 record indicate that he alleged victim not only recanted in Court,

11 but also recanted to the district attorney's office.  Paris told

12 her mother, (Monica), that petitioner never molested her.  Monica

13 tried unsuccessfully to have the charges against petitioner drop-

14 ped.  Paris continued to deny petitioner had molested her.  She

15 testified that she made up teh story about petitioner because he

16 was hurting her mother by having an affair with a woman named

17 Aisha. (MEM. p. 2).  Respondent asserts that petitioner confessed

18 to these allegations of rape and molestation.  The pretext tele-

19 phone call was an illegal wire tap that first of all should had

20 never been used against petitioner, therefore  petitioner's

21 arrest was by entrapment.  Paris was ordered to make the phone

22 call or she and her siblin would be removed from her mothers

23 custody.  The interrogation was also illegal due to Paris was un-

24 der age and without her mother present.  She was very acceptable

25 to do what detective Powell ordered her to do.  Petitioner alleg-

26 ed confession was not admissible in court, and counsel was in-

27 effective by failing to have any statements made by Paris and

28 petitioner suppressed.  This violated petitioner due process

1 right to a fair trial. 6th and 14th amendment.

2    Paris inculpating petitioner with her made up story, felt
3 guilty for her actions, therefore recanted by telling the truth,
4 and exculpating petitioner. Sue Process Clause of the Fourteenth
5 Amendment prohibit the conviction of a criminal defendant on in-
6 sufficient evidence. Every element of the alleged offense was
7 not proven beyond a reasonable doubt. (Jackson v. Virginia, 443
8 U.S. 307,316 (1979). The jury received conflicting testimony
9 from the alleged victim. Evidence presented during trial testi-
10 mony is the facts of the case. No rational trier of fact could
11 have found guilti proven beyond a reasonable doubt,with conflict-
12 ing testimony that inculpated and alsoexculpatate defendant.
13 This case must be set aside and all charges must be dismissed.

14                              III.

15    Petitioner objects to respondent answer to grounds IV and V.
16 that his right to due process were violated by failure of the
17 trial court to instruct the jury sua sponte on the meaning of the
18 terms "force" and "forcible." This state courts rejection of pe-
19 titioner's claim is vbery unreasonable. Petitioner were charged
20 with lewd touching. Count 1,(aggravated sexual assault), and
21 count 4 (lewd touching) were alternative charges to count 1...
22 The same with count 2 (aggravated sexual assault) and count 5
23 (lewd touching) alternative charges. Petitioner contends that
24 the evidence that force was used by oral copulation on the couch.
25 Petitioner could not logically hold Paris hands behind her head
26 to perform oral copulation. This evidence is totally insufficient,
27 and impossible to do. Paris being over 6 feet tall, petitioner
28 amrs reach will not allow him to hold her hands and be able to

                              4.

1 position himself to perform such an act.  The forcible oral cop-

2 ulation charge must be dismissed, not only because the court

3 failed to give definition of force or focible, there's no way the

4 act could have happened.  Paris testified petitioner did not force

5 her. (Rt. 178-79, 324).  Kissing on the mouth is not oral copula-

6 tion.  Its very impossible to hold Paris hands and oral copulate

7 her while lying on her back.  Sh;e is over 6 feet tall. (Rt.179,

8 324).  The element of force not present.  Petitioner cited case

9 law that was contrary to the Superior Courts ruling.  California

10 Supreme Court, pending case  (People v. Griffin, review granted

11 Oct. 23, 2002. S109734.) "force" has a specialized meaning requir-

12 ing a jury instruction in a rape case.  Reversal and remand order

13 for dismissal.

                                IV.

14

15

16    Petitioner objects to respondent's answer contending that

17 the State Court was not unreasonable in rejecting petitioner claim

18 that he was denied due process by the failure to instruct  the

19 jury that it could only convict him of the less serious of two

20 offenses.  Respondent answer is very unreasonable and the courts

21 was also unreasonable in rejecting petitioner's claim.  In claim

22 six, seven, and eight , the trial court failure to instruct the

23 jury that it could only convict petitioner of the less serious

24 offensesm violated petitioner due process.  Petitioner consolidate

25 his argument on writ of habeas, and objects to respondents answer.

26 The alternative counts and lesser included offenses.  The jury

27 found petitioner guilty of counts one and two, aggravated sexual

28 assault involving forcible rape and forcible oral copulation,

1 (Cal. Pen. Code §269,subd.(a)), in that he committed forcible

2 rape (Cal. Pen. Code §261,subd.(a)(2); count 1)), and forcible

3 oral copulation (Cal. Pen. Code §288a, subd, (c)(2); count 2).

V.

4

5     Petitioner claim nine contends that trial court had a sua

6 sponte duty to instruct the jury on lesser included offense and

7 that its failure to do so denied petitioner of his due process.

8 Petitioner incorporates his original arugment within his petition,

9 writ' of habeas corpus.. Petitioners objects to respondents answer.

VI.

10

11     Petitioner object to respondents answer stating that the state

12 court was not unreasonable in rejecting his claim that counsel per-

13 formance was ineffective.  Counsel failure to present evidence of

14 an alibi defense or in conducting his preliminary hearing; notify-

15 ing petitioner of the charges; and in failing ot challenge the

16 specificity of the charges.  Petitioner consolidate his writ of

17 habeas argument, for the District Court Judge review.

VII.

18

19     Petitioner objects to respondents answer as well for Ineffe-

20 ctiveness of Appellate Counsel.  By consolidation of petitioners

21 writ of habeas corpus argument.  This claim has merits and request

22 De Novo Review.

VIII.

23

24     Petitioner pray that this court review this case and grant

25 petitioner's writ.  Petitioner is unl?awfully incarcerated.

26

27 Date: _July 29ᵗᵗ_____ 2008.                    Respectfully

28                                                 _Johnny Small_
                                                   Johnny L. Small



**DEPARTMENT OF JUSTICE**
Office of the Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, California 94102-3664

TO

Johnny L. Small
J - 44318
Salinas Valley State Prison
B3-145 L
P.O. Box 1050
Soledad, CA 93960-1060

ENTERED JUL 1 2 2008

neopost
$01.850
06/30/2008
Mailed From   94102
US POSTAGE
049.8.2033954

STATE OF CALIFORNIA

(C.C.P. SEC. 466 & 2015.5; 28 U.S.C. SEC 1746)

I, _Johnny Small_ _____ declare under penalty of perjury that: I am the _Innocent Petition_ _____ in the above entitled action; I have read the foregoing documents and know the contents thereof and the same is true of my own knowledge, except as to matters stated therein upon information, and belief, and as to those matters, I believe they are true.

Executed this _29TH_ day of _July_ , 20 _08_ , at Salinas Valley State Prison, Soledad, CA 93960-1050.

(Signature) _Johnny Small_
DECLARANT/PRISONER

---

## PROOF OF SERVICE BY MAIL

I, _Johnny Small_ _____ , am, a resident of California State Prison, I the County of Monterey, State of California; I am over the age of eighteen (18) years and am/am not a party of the above entitled action. My state prison address is: P.O. Box 1050, Soledad, CA 93960-1050.

On _July 29TH_ , 20 _08_ , I served the foregoing: _Objection to Respondents Answer to Writ of habeas Corpus._

_____

_____

(Set forth exact title of document(s) served)

On the party(s) herein by placing a true copy(s) thereof, enclosed in sealed envelope(s), with postage thereof fully paid, in the United States Mail, in a deposit box so provided at Salinas Valley State Prison, Soledad, CA 93960-1050.

_U.S. District Court Northern district of California_    } _Attorney General office_
_Judge Ronald M. Whyte_                                   _455 Golden Gate Ave Suit 11000_
_280 South First Street, Room#2112_         — And —{   _San francisco, Ca. 94102-3664_
_San Jose, Ca. 95113-3095_
(List parties served)

There is delivery service by United States Mail at the place so addressed, and/or there is regular communication by mail between the place of mailing and the place so addressed.

I declare under penalty of perjury that the foregoing is true and correct.

DATED: _July 29TH_ , 20 _08_

_Johnny Small_
DECLARANT/PRISONER

Mr. Johnny L. Small #J-44328
Salinas Valley State Prison - B3-L48c
P.O. Box 1050
Soledad, Ca. 93960 - 1060

STATE PRISON
GENERATED MAIL

To: Court Clerk · U.S. district Court
Northern District of California
280 S. First street · Room #211
San Jose, Ca. 95113-3095



C/o
J.S. Mail

7-29-08

LEGAL MAIL

LEGAL MAIL

LEGAL MAIL